# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| DOROTHY ANNETTE GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:13-CV-723-PPS-CAN |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Dorothy Green filed the present Complaint [DE1] on July 22, 2013, seeking this Court's review of an unfavorable decision regarding her application for benefits under the Social Security Act. This matter is before me on the Commissioner of Social Security's motion to dismiss [DE 9], which asserts that Green's Complaint is untimely. Green has not responded to the Commissioner's Motion. For the reasons that follow, I agree with the Commissioner, and therefore **GRANT** her Motion.

### I. BACKGROUND

Green is a *pro se* plaintiff, and her Complaint is a one-page form complaint. In it, she simply alleges, without explanation, that the Commissioner's decision to deny her application for disability benefits was erroneous [DE1 ¶ 1 ]. She claims that her application was denied by the Appeals Council on May 23, 2013. *Id*.

With respect to that date, the documents tell a different story. The Commissioner has provided a copy of the Appeals Council's denial. It shows that the Administrative Law Judge denied Green's request for benefits in a decision dated January 13, 2012, and the Appeals

Council refused to review the decision in a letter dated February 19, 2013 [DE 9-3].

Now, ordinarily, matters outside the pleadings cannot be considered on a motion to dismiss. *See* Fed. R. Civ. P. 12(d). But there is an exception to the rule for "documents referred to in, but not attached to, a plaintiff's complaint that are central to its claim" *Duferco Steel, Inc. v. M/V Kalisti*, 121 F.3d 321, 324 n. 3 (7th Cir. 1997); *see also Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431-32 (7th Cir. 1993). The Appeals Council's denial is, obviously, central to Green's claim; their decision stands as the Commissioner's "final decision" for the purposes of this appeal. *See* 42 U.S.C. § 405(g). Therefore, I can consider the denial without having to convert the Commissioner's motion to dismiss into a motion for summary judgment.

## II. DISCUSSION

Section 405 of Title 42 provides for judicial review of decisions made by the Commissioner of Social Security. *See* 42 U.S.C. § 405(g). *See also* 20 C.F.R. § 422.210. However, such actions must commence "within sixty days after the mailing . . . of notice of [the challenged] decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). *See also Bowen v. City of New York*, 476 U.S. 467, 472 (1986); *Johnson v. Sullivan*, 922 F.2d 346, 355 (7th Cir. 1990). Pursuant to her authority under 42 U.S.C. § 405, the Commissioner allows for an additional five days from the mailing of the notice. *See* 20 C.F.R. § 422.210(c). Specifically, the Regulation provides that the civil action for review of the Commissioner's decision :

> must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good

2

cause. For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

*Id*. Thus, the 60-day statute of limitations is presumed to commence five days after the date of the notice from the Appeals Council.

In the present case, the notice of the Appeals Council's decision was dated February 19, 2013 [DE 9-3]. In accordance with 20 C.F.R. § 422.210(c), Green is presumed to have received that notice by no later than February 24, and the sixty-day statute of limitations began on that day. Thus, Green must have filed an action seeking review of the Commissioner's decision by April 25, 2013. As noted above, Green's Complaint was filed months later, on July 22. Therefore, it is presumptively untimely. *See* 20 C.F.R. § 422.210(c).

To my knowledge, Green did not request an extension of time in which to file the present Complaint from the Appeals Council, nor does she assert that the statute of limitations has somehow been tolled or waived. In fact, she hasn't responded to the motion to dismiss at all. Nor has she filed anything else in this case besides her Complaint. All her Complaint asserts is that the Appeals Council's decision came down in May, rather than February [DE 1 ¶ 1]. But this is incorrect. Moreover, this is not a case where Green failed to observe some technicality. She missed the filing deadline by several months. As a result, there is no just reason to withhold application of the statute of limitations in this case. Therefore, I find Green's Complaint to be time-barred.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim [DE 8] is **GRANTED** and this case is **DISMISSED WITH**

**PREJUDICE**.

**SO ORDERED.**

ENTERED: April 11, 2014

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT